NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHLEEN DUNLAP, individually and as personal representative of the Estate of James Ross Dunlap, Jr., deceased, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF SANDY; LUKE A. HODGES, <br><br> Defendants-Appellees. | No. 19-35934 <br><br> D.C. No. 3:17-cv-01749-YY <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted March 3, 2021
Portland, Oregon

Before: PAEZ and WATFORD, Circuit Judges, and TUNHEIM,** District Judge.

Kathleen Dunlap, individually and on behalf of the Estate of her late

husband, appeals the district court's orders granting Defendants' motions to

dismiss for failure to state a claim and dismissing the action with prejudice after

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

adopting the magistrate judge's findings and recommendations. We affirm in part and reverse in part.

1. The district court properly dismissed the Estate's Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims. There is no right to be arrested because one is disabled, as this would contravene the statutes' purpose to protect the dignity of disabled individuals. *See, e.g.*, H.R. Rep. No. 101-485 at 50, *as reprinted in* 1990 U.S.C.C.A.N. 445, 473 (discussing how to avoid arrests made inappropriately because of one's disability); *cf. Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014) (recognizing two types of claims applicable to arrest: when police wrongfully arrest someone because of their disability, and when police fail to provide a reasonable accommodation after a proper arrest), *rev'd in part on other grounds, cert. dismissed in part sub nom. City & Cty. of San Francisco v. Sheehan*, 575 U.S. 600 (2015). Additionally, there is no statutory requirement to impose nonmandatory services on disabled individuals who do not desire them, *see Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 602 (1999), and the facts alleged do not give rise to a reasonable inference that Dunlap's husband desired any community caretaking services, such as medical aid.

2. The district court properly dismissed the Estate's substantive due process claim. "[T]he Fourteenth Amendment's Due Process Clause generally does not

confer any affirmative right to governmental aid," even when such aid may have protected a life. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011). A plaintiff can, however, sufficiently establish a due process violation if she plausibly alleges affirmative conduct by a municipal actor in placing an individual in danger, and that the actor recognized an unreasonable risk and actually intended to expose the individual to the risk without regard to the consequences. *Id.* at 974. The Estate has not done so.

3. The district court properly dismissed the Estate's wrongful death claim. Dunlap fails to demonstrate either a reasonable probability that an act by a municipal actor led to her husband's death, or that an act by such an actor was a substantial factor contributing to his death. *See Joshi v. Providence Health Sys. of Oregon Corp.*, 149 P.3d 1164, 1170 (Or. 2006).

4. The district court properly dismissed Dunlap's procedural due process claim. The right to have a third party arrested by virtue of a mandatory-arrest statute does not resemble any traditional conception of property. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 766 (2005). Additionally, the alleged property interest in having someone arrested is an indirect benefit arising incidentally out of a function that police have always performed, which undermines the plausibility of Dunlap's claim. *Id.* at 767. Dunlap fails to allege an interest protected under the Due Process Clause.

5.  The district court did not err in dismissing the above claims with prejudice, as none could have been saved by amendment. *Maya v. Centex Corp.*, 658 F.3d 1060, 1072 (9th Cir. 2011).

6.  The district court incorrectly dismissed Dunlap's associational ADA and RA claims. By reason of her husband's disability and her association with him, Dunlap was plausibly denied the benefit of a covered service—namely, the arrest of her husband on January 9, 2016, as mandated by Oregon law—because the City of Sandy's noninvolvement policy instructs police to not intervene in mental health crises.

The ADA and RA apply to arrests, as the statutes broadly encompass "anything a public entity does," including police services or activities. *See Sheehan*, 743 F.3d at 1232 (quotation omitted). Officer Luke Hodges plausibly had probable cause to believe that Dunlap's husband threatened to kill her during a domestic disturbance. Assuming the existence of probable cause, Hodges would have been required to effectuate an arrest. Or. Rev. Stat. § 133.055(2)(a) (mandating arrest when a police officer has probable cause to believe that another has been placed in fear of imminent serious physical injury during a domestic disturbance). Hodges refused to make an arrest because of the City's noninvolvement policy.

We find that this refusal plausibly denied Dunlap a protected benefit. *Nearing v. Weaver*, 670 P.2d 137, 140, 142–43 (Or. 1983) (en banc) (holding that § 133.055 confers a legal right to victims of domestic disturbances to have their alleged assailants arrested, and that police have a mandated duty to effectuate such arrests). Additionally, because the policy explicitly disallows the provision of police services only when individuals are experiencing a mental health crisis, it can be reasonably inferred to be facially discriminatory toward the mentally disabled. Given this, it is certainly plausible that the City knew that it was substantially likely that its policy would harm the right of mentally disabled individuals, or those associated with them, to have their domestic abuse assailants arrested by City police pursuant to § 133.055. *See Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001). The policy plausibly constitutes a failure to act upon the likelihood that mentally disabled individuals, or those associated with them, would be denied the benefit conferred by § 133.055, as it is the policy itself that requires City police to ignore the statute's clear command. *See id.*

Dunlap sufficiently alleges associational discrimination claims against the City to support her prayer for monetary relief and, therefore, these claims should not have been dismissed.

**AFFIRMED in part; REVERSED in part and REMANDED.** Each party shall bear their own costs.